NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0084n.06

Case No. 10-2108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 24, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| JERRY EDSON WEATHERS, | ) DISTRICT OF MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| ——————————————————— | ) |

BEFORE: BATCHELDER, Chief Judge; MCKEAGUE and STRANCH, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Defendant Jerry Edson Weathers appeals the district court's judgment revoking his supervised release. Finding no abuse of discretion, we AFFIRM the judgment.

I.

In 2002, the district court sentenced Weathers to 76 months in prison followed by three years of supervised release for being a felon in possession of stolen firearms, in violation of 18 U.S.C. §§ 922(g) and (j). On October 19, 2009, the United States Probation Office petitioned for Weathers's arrest on the grounds that he was not complying with the terms of his supervised release. The petition alleged that Weathers had assaulted a man named Jarrid Minzey on March 23, 2009.

The district court held a supervised-release-violation hearing on August 17, 2010. At the hearing, Minzey testified that on the evening of March 22, he had been partying with Weathers and

1

others, including Minzey's girlfriend and her friend Heather Cook, who was Weathers's girlfriend. The party continued through the night, and Minzey drank excessively during that time. The next morning, Minzey's girlfriend accused him of having "slept with" Cook. Minzey testified that he walked outside to "confront" Weathers. Weathers was sitting in a car, and Cook was standing nearby. Before Minzey could say anything, Weathers jumped out of the car and hit Minzey, first with his fist and then with a bottle. Minzey went to see a doctor and was diagnosed with a concussion. He reported the assault to the police later that evening. Although Minzey admitted that he had been drinking heavily during the hours leading up to the assault, and he had some difficulty remembering the exact time that he reported the incident to the police, he testified that his alcohol consumption had not impaired his recollection of the assault.

The government also presented testimony from Officer James Sliter, the police officer who responded when Minzey reported the assault. Sliter testified that he met with Minzey on the evening of March 23, and that Minzey had described the assault to Sliter and told him that Cook had witnessed it. Sliter also testified that he observed a lump on Minzey's head and a scrape on Minzey's elbow. After his meeting with Minzey, Sliter attempted to speak with Weathers and Cook at Weathers's home. He testified that Weathers denied knowing Minzey and initially refused to let him speak with Cook. When Cook did join the conversation, Weathers instructed her "not to say anything" to Sliter.

The district court determined that Minzey was a credible witness and found by a preponderance of the evidence that Weathers had assaulted Minzey, thereby violating the conditions

of his supervised release. The court sentenced Weathers to four months in prison followed by 28 months of supervised release. Weathers filed this timely appeal.

**II.**

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1091 (6th Cir. 2009). We review legal conclusions de novo, and findings of fact for clear error. *Id.* at 1091–92. We will uphold a district court's determination that a witness is credible unless it is "without foundation." *United States v. Pruitt*, 156 F.3d 638, 647 (6th Cir. 1998) (internal quotation marks omitted).

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervision. 18 U.S.C. § 3583(e)(3); *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). There is no dispute that Weathers's release included a condition that he not commit any crimes; nor is there any dispute that the alleged assault constitutes a crime under Michigan law. The sole issue on appeal is whether the evidence supports the district court's conclusion that Weathers assaulted Minzey. Weathers claims that the district court should not have credited Minzey's testimony because Minzey is "a binge drinking alcoholic who may have drank for at least twelve [] hours before the events in question and who may have blacked out that day." Appellant's Br. at 6.

We find that the evidence supports the district court's conclusion that Weathers assaulted Minzey, and the court did not err when it determined that Minzey was a credible witness. Although Minzey was intoxicated at the time of the assault, other evidence presented at the hearing

3

corroborates his testimony. Several hours after the alleged assault, Officer Sliter observed a lump on Minzey's head and a scrape on his elbow. Further, Weathers attempted to prevent Cook from speaking with Sliter about the assault, and told her "not to say anything"—actions from which the district court could draw an "inculpatory inference." Accordingly, the district court did not abuse its discretion in revoking Weathers's supervised release.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.